## Case No. 2,354.

### CAMPBELL et al. v. BARNEY.

[5 Blatchf. 221.][1]

Circuit Court, S. D. New York. May 30, 1864.

CUSTOMS DUTIES—PRODUCT OF COUNTRY BEYOND THE CAPE OF GOOD HOPE.

Calcutta, in the British East Indies, is to be regarded as a country beyond the Cape of Good Hope, under the 14th section of the tariff act of July 14th, 1862 (12 Stat. 557), which imposes an additional duty of 10 per cent. ad valorem on goods, the growth or product of countries beyond the Cape of Good Hope, when imported into the United States from places this side of it.

This was an action [by George W. Campbell and others] against [Hiram Barney] the collector of the port of New York, to recover back an additional duty of 10 per cent. ad valorem, paid, under protest, on a quantity of linseed, the product of Calcutta, in the British East Indies, imported into the United States, from London, in England. The additional duty was imposed under the 14th section of the tariff act of July 14th, 1862 (12 Stat. 557), on the ground that the linseed was the product of a country beyond the Cape of Good Hope.

---

Sidney Webster, for plaintiff.

E. Delafield Smith, Dist. Atty., for defendant.

NELSON, Circuit Justice. The objection taken to this additional duty is, that the linseed of Calcutta, which is a part of the British East Indies, is not the product or growth of a country beyond the Cape of Good Hope, within the meaning of the revenue laws.

The supreme court have held (Stairs v. Peaslee, 18 How. [59 U. S.] 521), under the clause in the tariff act prescribing that the appraisement of the value of goods imported shall be according to their market value in the principal markets of the country from which they are exported, that the word "country" embraces all the possessions, however widely separated, that are under the control of the same sovereign or government; and it is insisted that, upon this principle, Calcutta or the East Indies are, in this case, to be taken and regarded as a part of Great Britain, and not as a country beyond the Cape of Good Hope, and, hence, that the article in question is not the growth or product of a country beyond the cape.

The answer to this argument is, I think, clear and explicit, upon the words of the 14th section itself. That declares, that goods, the growth or product of countries beyond the Cape of Good Hope, shall, when imported from places this side of it, pay a duty of 10 per cent., in addition to the duties imposed on such articles when imported directly from the place or places of their growth or production. The word "countries," in this section, is obviously used in a local and geographical sense, without regard to the subdivision of the territory under different sovereigns or governments.

Judgment for defendant.